UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VICTORIA LYNN NUNES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 17-cv-00706-RMI<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 37 |

On March 20, 2018, the undersigned entered an order granting Plaintiff's Motion for Summary Judgment, reversing the ALJ's determination, and remanding this matter for calculation and award of appropriate benefits. *See* (dkt. 31). On July 18, 2018, the undersigned granted the parties' Stipulation for Award and Payment of Equal Access to Justice Act ("EAJA") Fees, Costs, and Expenses in the amount of $8,000.00. *See* (dkt. 36). On October 5, 2018, the Social Security Administration awarded Plaintiff past-due benefits in the amount of $59,342.64. *See* (dkt. 37-4).

Plaintiff's attorney now seeks an award of attorney's fees pursuant to Social Security Act Section 206(b)(1) and 28 U.S.C. § 406(b)(1). For the reasons explained below, the court will grant the motion.

**DISCUSSION**

Unlike the EAJA, 42 U.S.C § 406(b) does not authorize the prevailing party to recover fees from the losing party. Rather, Section 406 authorizes fees payable from the successful party's recovery. Specifically, 42 U.S.C. § 406(b)(1)(A), provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not

in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Courts addressing Section 406(b) fee determinations must do so "by looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009), quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In considering whether the contingent-fee agreement is reasonable, courts may consider factors including "the character of the representation and the result the representation achieved." *Gisbrecht*, 535 U.S. at 808.

In this case, Plaintiff and her attorney contracted for a contingent fee in the amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and her family if she won her case. *See* (dkt. 37-3). This amount is allowable under Section 406(b)(1)(A). The court finds these fees eminently reasonable in light of the excellent result achieved by Plaintiff's attorney, *i.e.*, the granting of Plaintiff's motion for summary judgment, reversal of the ALJ's decision, and remand for calculation and award of benefits. Defendant does not dispute the reasonableness of the fees sought by Plaintiff's counsel, noting that the Commissioner is not a party to the contingent-fee agreement between Plaintiff and her attorney. *See* (dkt. 38). The court finds no basis to reduce the requested fees.

The parties agree that the court must account for the attorney's fees paid by the Commissioner on her own behalf pursuant to the EAJA. Accordingly, the court HEREBY GRANTS Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. 406(b)(1) in the amount of $14,835.66 and directs Plaintiff's counsel to refund $8000.00 to Plaintiff.

**IT IS SO ORDERED.**

Dated: February 5, 2019

ROBERT M. ILLMAN
United States Magistrate Judge